# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01718-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

SATYA WIMBISH,

    Plaintiff,

v.

NEXTEL WEST CORP., dba SPRINT,

    Defendant.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND FILE AMENDED TITLE VII COMPLAINT

---

Plaintiff, Satya Wimbish, has submitted *pro se* an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and a Complaint (ECF No. 1) pursuant to Title VII asserting discrimination on the basis of religion.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the submitted documents are deficient as described in this order.  Plaintiff will be directed to cure the following if she wishes to pursue her claims.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915**:
(1)   ___   is not submitted
(2)   ___   is not on proper form (must use the Court's current form)
(3)   ___   is missing original signature by plaintiff/petitioner/applicant
(4)   ___   is missing affidavit
(5)   ___   affidavit is incomplete
(6)   ___   affidavit is not notarized or is not properly notarized
(7)   ___   names in caption do not match names in caption of complaint, petition or

|     |     | application |
| --- | --- | --- |
| (8) | __  | other: |

**Complaint or Petition**:
(9)   __   is not submitted
(10)  X    is not on proper form (must use the Court's current form)
(11)  __   is missing an original signature by the plaintiff/petitioner/applicant
(12)  __   is incomplete
(13)  __   uses et al. instead of listing all parties in caption
(14)  __   names in caption do not match names in text
(15)  __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)  X    other: Requested relief as part of claim two and not in the space provided for.  Fails to submit notice-of-right-to-sue letter.

Ms. Wimbish fails to clarify whether she has exhausted administrative remedies. She fails to attach a notice-of-right-to-sue letter she received from the Equal Employment Opportunity Commission (EEOC).

To bring a claim under Title VII, a claimant must exhaust his or her administrative remedies as to each claim of discrimination or retaliation. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII). The first step to exhaustion is the filing of a charge of discrimination with the EEOC. *See Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (noting that the EEOC filing is a jurisdictional requirement). The purposes of the administrative exhaustion requirement are: "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003). An EEOC charge must contain facts that would prompt an investigation into the claim at issue. *Jones v. UPS*, 502 F.3d 1176, 1183-86 (10th Cir.2007). Facts

supporting each element of a prima facie case of retaliation must be alleged in a charge in order for a retaliation claim to be exhausted. *Id.* at 1186. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver, CO.*, 414 F.3d 1266 (10th Cir.2005).

The amended Title VII Complaint Ms. Wimbish will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Wimbish must present her claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be

able to respond to those claims.  Ms. Wimbish must allege, simply and concisely, the jurisdictional basis for this lawsuit and her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Wimbish is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if she seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on her claims.  *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).

Accordingly, it is

ORDERED that Plaintiff, Satya Wimbish, cure the deficiencies designated above and file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Title VII Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies

and file an amended Title VII Complaint **within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED June 26, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge